**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SEAN KENNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Case No.:** |
| ) | |
| MIDLAND FUNDING, LLC, MIDLAND ) | **COMPLAINT AND DEMAND FOR** |
| CREDIT MANAGEMENT, INC; and ) | **JURY TRIAL** |
| ENCORE CAPITAL GROUP, INC. ) | |
| ) | **(Unlawful Debt Collection Practices)** |
| Defendants. | |

## COMPLAINT

SEAN KENNEY ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC; and ENCORE CAPITAL GROUP, INC. ("Defendants"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendants conduct business in the Commonwealth of Massachusetts, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person, who resides in Stoneham, Massachusetts.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant Midland Funding, LLC is a corporation specializing in debt collection with its principal place of business located at 8875 Aero Drive, San Diego, CA 92123.

8. Defendant Midland Credit Management, Inc. is a corporation specializing in debt collection with its principal place of business located at 5775 Roscoe Court, San Diego, CA 92123.

9. Defendant Encore is a corporation specializing in debt collection with its principal place of business located at 8875 Aero Drive, San Diego, CA 92123.

10. Defendants are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

11. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12. At all relevant times, Defendants were acting in concert and were attempting to collect an alleged consumer debt that Plaintiff does not owe, related to a Verizon telephone bill.

13. The alleged debt arose out of transactions that were primarily for personal,

family, or household purposes.

14. Plaintiff is a subscriber to Verizon telephone services, which he uses for personal use.

15. Between December 2011 and May 2012, Defendants' collectors placed repeated calls to Plaintiff's home telephone, demanding payment for a bill that Plaintiff does not owe.

16. Plaintiff conducted an inquiry with Verizon, and confirmed that he does not have any past due payments.

17. Therefore, Plaintiff told Defendants' collectors on numerous occasions that he does not owe this debt.

18. Plaintiff asked that Defendants send proof of the debt's validity in the mail, but Defendants refused to do so.

19. Despite Plaintiff's clear statement that he does not owe the Verizon debt, Defendants continued to call Plaintiff on a near-daily basis.

20. Often times, Defendants called Plaintiff at least three times in a day.

21. Between December 2011 and May 2012, Defendants have repeatedly threatened that they would "take legal action" against Plaintiff, if he did not make payment.

22. To date, Defendants have not taken any legal action against Plaintiff.

23. As almost six months have passed since Defendants' first threat to "take legal action," Plaintiff now believes that Defendants never intended on suing Plaintiff for the debt, but merely made this baseless threat in order to coerce Plaintiff into acceding to Defendants' demands.

24. Defendants' communications with Plaintiff were harassing, abusive and unfair.

# DEFENDANTS VIOLATED THE
# FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

25. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

26. Defendants violated § 1692d of the FDCPA when they called Plaintiff repeatedly, when they threatened to sue Plaintiff for a debt that he did not owe, and when they engaged in other harassing or abusive conduct.

## COUNT II

27. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring repeatedly with the intent to annoy, abuse or harass any person at the called number.

28. Defendants violated § 1692d(5) of the FDCPA when they called Plaintiff repeatedly with the intent to annoy or harass Plaintiff.

## COUNT III

29. Section 1692e of the FDCPA prohibits debt collectors from making false, deceptive or misleading representations in connection to the collection of an alleged debt.

30. Defendants violated § 1692e of the FDCPA when they misrepresented to Plaintiff that they were going to "take legal action" when they lacked intent to do so, when they attempted to collect a debt that Plaintiff does not owe, and when they made other false or misleading

representations.

## COUNT IV

31. Section 1692e(2)(A) of the FDCPA prohibits debt collectors from misrepresenting that amount, character or status of a debt.

32. Defendants violated § 1692e(2)(A) of the FDCPA when they misrepresented that Plaintiff owed a debt related to the Verizon telephone account, and wrongfully sought to collect this debt from him.

## COUNT V

33. Section 1692e(5) of the FDCPA prohibits debt collectors from threatening to take legal action that cannot be taken, or that it lacks intent to take.

34. Defendant violated § 1692e(5) of the FDCPA when they threatened to sue Plaintiff when they lacked intent and capacity to legally do so.

## COUNT VI

35. Section 1692e(10) of the FDCPA prohibits debt collectors from making false or misleading representations, in connection with the collection of a debt.

36. Defendants violated § 1692e(10) of the FDCPA when they misrepresented that Plaintiff owed a debt, when they threatened to sue Plaintiff when they lacked intent to do so, and when they made other false and misleading representations.

## COUNT VII

37. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

38. Defendants violated § 1692f of the FDCPA when they called Plaintiff repeatedly and continuously, when they attempted to collect a debt that Plaintiff did not owe, when they threatened to sue Plaintiff when they lacked capacity and intent to do so, and when they engaged in other unfair methods of collecting an alleged debt from Plaintiff.

WHEREFORE, Plaintiff, SEAN KENNEY, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);
b. Statutory damages of $1,000.00 for its violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);
c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and
d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SEAN KENNEY, demands a jury trial in this case.

DATE: May 14, 2012

RESPECTFULLY SUBMITTED,

 /s/ Craig Thor Kimmel

Craig Thor Kimmel
Kimmel & Silverman, P.C.

6

PLAINTIFF'S COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: 877-788-2864
Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT